# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

RAFT L. THOMPSON,

                    Plaintiff,

        v.

CARRO, *et al.*,

                    Defendants.

Case No.  1:25-cv-00995-BAM

ORDER DENYING MOTION TO CORRECT THE RECORD (ECF No. 12)

ORDER CONSTRUING MOTION TO SUPPLEMENT RELIEF REQUESTED IN THE PETITION AS MOTION TO MEND COMPLAINT  (ECF No. 14)

ORDER GRANTING MOTION TO AMEND COMPLAINT (ECF No. 14)

**THIRTY (30) DAY DEADLINE**

Plaintiff Raft L. Thompson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on August 11, 2025.  (ECF No. 1.)  On March 23, 2026, the Court screened Plaintiff's first amended complaint and granted him leave to amend.  (ECF No. 9.)  Plaintiff filed a second amended complaint on April 30, 2026.  (ECF No. 13.)  The second amended complaint has not yet been screened.

Currently before the Court is Plaintiff's motion to correct the record, filed on April 30, 2026, (ECF No. 12), and Plaintiff's motion to supplement relief requested in the petition, filed on May 6, 2026, (ECF No. 14).

///

1

## I.    Motion to Correct the Record

On April 30, 2026, Plaintiff filed a motion to correct the record: (Pg 2 line 26) screening order.  (ECF No. 12.)   Plaintiff appears to request that the Court modify its screening order, (ECF No. 7), at page 2, line 26.  Plaintiff states:

> 1) Will your office please correct the record
>    (ECF No. 7)
>
> 2) It clearly read  "Paula White Leaning," but your office wrote ["illegible"] white leaning.

(ECF No. 12 at 1.)  Plaintiff indicates his copy of the original is clear, and he apologizes that it was not clear on the Court's end.  Plaintiff notes that Paula White is a leading national ministry. (*Id.*)

The Court declines Plaintiff's request to modify the screening order.  The proposed amendment is unnecessary.  It would not alter the substance of Plaintiff's first amended complaint nor the Court's screening of that complaint.  Moreover, Plaintiff has filed a second amended complaint, (ECF No. 13), which supersedes the original complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012).  Plaintiff's motion to correct the record will therefore be denied.

## II.    Motion to Supplement Relief Requested in the Petition

On May 6, 2026, Plaintiff filed a motion to supplement relief requested in the petition. (ECF No. 14.)  Although not entirely clear, it appears Plaintiff is requesting to supplement the relief requested in his second amended complaint.  Specifically, Plaintiff seeks to sue Warden Bailey in his official capacity for injunctive relief, sue Warden Bailey and Associate Warden K. Johnson for monetary and punitive damages, sue associate Warden K. Johnson in official capacity for injunctive relief, sue Chaplain Carlos for injunctive relief and for punitive and monetary damages, sue C. Ford for punitive and monetary damages, seek injunctive relief, and to request counsel.  (*Id.*)  The Court construes the motion to supplement requested relief as a motion for leave to amend his complaint.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.

Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation omitted). However, the court "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Id.*

In considering the relevant factors, the Court finds no evidence of prejudice, bad faith, undue delay in litigation, or futility. Plaintiff's second amended complaint has not yet been screened, and no defendants have been served or have appeared in this action. Accordingly, Plaintiff's motion to amend shall be granted.

Plaintiff's third amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79.

Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is again advised that an amended complaint supersedes the original complaint. *Lacey*, 693 F.3d at 927. Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. This includes any requested relief.

**III. Conclusion and Order**

Based on the above, it is HEREBY ORDERED that:

1. Plaintiff's motion to correct the record, (ECF No. 12), is DENIED;

2. Plaintiff's motion to supplement relief requested in the petition, construed as a motion to amend the complaint, (ECF No. 14), is GRANTED;

3

3. The Clerk's Office shall send Plaintiff a complaint form;

4. Plaintiff's third amended complaint is due within **thirty (30) days** from the date of service of this order; and

5. **If Plaintiff fails to file a third amended complaint in compliance with this order, this action will be dismissed for failure to prosecute and failure to obey a court order**.

IT IS SO ORDERED.

Dated:   **June 1, 2026**                   /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE